UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ROBERT BLACK,
                                **Plaintiff,**

                   v.                                       9:09-CV-1371
                                                                 (FJS/RFT)

**JANE DOE, Head Nurse, 8 Block, Upstate**
**Correctional Facility and JANE DOE, Nurse,**
**8 Block, Upstate Correctional Facility,**

                                **Defendants.**
_____

**APPEARANCES**

**ROBERT BLACK**
09-A-2576
Upstate Correctional Facility
P.O. Box 2001
Malone, New York 12953

**SCULLIN, Senior Judge**

## ORDER

Plaintiff Robert Black commenced this civil rights action pursuant to 42 U.S.C. § 1983 in December, 2009, by submitting a complaint, an *in forma pauperis* application, and an inmate authorization form. *See* Dkt. Nos. 1, 2, 3. Upon receipt of Plaintiff's submissions, the Court reviewed the inmate authorization form and determined that it did not reflect Plaintiff's consent to pay the filing fee in effect at the time that he filed the complaint – namely $350.00.[1]  Instead,

---

[1] The Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(b), provides that an inmate who seeks *in forma pauperis* status is required to pay, over a period of time, the full amount of the filing fee provided for in 28 U.S.C. § 1914(a). Additionally, in accordance with the Local Rules of Practice of the Northern District of New York, all such inmates are required to execute a signed, fully completed and properly certified *in forma pauperis* application as well as the authorization form that the Clerk's office issues. *See* L.R. 5.4(b). As of April 9, 2006, the filing fee was set at $350.00. *See* 28 U.S.C. § 1914(a).

Plaintiff's authorization form authorized payment of only $150.00. *See* Dkt. No. 3. In an Order filed December 9, 2009, Magistrate Judge Treece directed Plaintiff to submit to the Court either the full filing fee of $350.00 or a signed inmate authorization form consenting to payment of $350.00, within thirty days of the filing date of that Order or face possible dismissal of his action. *See* Dkt. No. 4. The Clerk of the Court sent the December 9, 2009 Order to Plaintiff at the address that he listed in his complaint. Since the December 9, 2009 Order was not returned to the Court, the Court assumes that Plaintiff received that Order. To date, however, Plaintiff has not complied with the Court's direction that he either pay the full filing fee of $350.00 or submit to the Clerk of the Court a signed inmate authorization form consenting to payment of $350.00; nor has Plaintiff otherwise communicated with the Clerk of the Court or the Court regarding his intention to pursue his claims in this action.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based on a plaintiff's failure to prosecute an action or to comply with any order of the court. *See* Fed. R. Civ. P. 41(b); *see Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962).[2] A court may exercise this power to dismiss "when necessary to achieve orderly and expeditious disposition of cases." *Freeman v. Lundrigan*, No. 96-CV-1190, 1996 WL 481534, *1 (N.D.N.Y. Aug. 22, 1996) (citation omitted).

Local Rule 41.2(a) includes the following provision regarding a litigant's duty to prosecute an action diligently:

> In the absence of an order by the assigned judge or magistrate judge setting any date for any pretrial proceeding or for trial, the

---

[2] "Unless the dismissal order states otherwise, a dismissal [pursuant to Rule 41(b)] . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).

>   plaintiff's failure to take action for four (4) months shall be
>   presumptive evidence of lack of prosecution.

L.R. 41.2(a).

In determining whether to dismiss an action pursuant to Rule 41(b) for failure to comply with an order of the court or the procedural rules of the court, the court considers five factors:

>   (1) the duration of the plaintiff's failure to comply . . ., (2) whether the plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendant[] [is] likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).

Upon due consideration, the Court finds that each of these five factors weighs in favor of dismissal of this action. The record shows that on December 9, 2009, the Court directed Plaintiff either to pay the full filing fee or to submit a proper inmate authorization form. Although more than two months have elapsed since the Court ordered Plaintiff to do so, he has not complied with the December 9, 2009 Order. Indeed, Plaintiff has not communicated with the Clerk of the Court or the Court about **any** aspect of this litigation since he filed his complaint. Accordingly, while not conclusive evidence that Plaintiff does not intend to prosecute this action, the Court finds that Plaintiff's noncompliance with the December 9, 2009 Order for more than two months weighs in favor of dismissal.

As to the second factor, in its December 9, 2009 Order, the Court specifically informed Plaintiff that the Court might dismiss this action if he failed either to pay the filing fee required for this action or to submit a proper signed inmate authorization form. *See* Dkt. No. 4. The

Court served the December 9, 2009 Order on Plaintiff at his address of record and that Order was not returned to the Court; therefore, it appears that Plaintiff received the requisite notice that his action was subject to dismissal. Thus, this factor weighs in favor of dismissal.

The Court finds that Defendants, who at this point have not even been served, are likely to be prejudiced by further delay in the proceedings should they eventually be served since the delay may well affect witnesses' memories, the ability to locate witnesses, and the preservation of evidence. Furthermore, under the circumstances, the need to alleviate congestion on the Court's docket outweighs Plaintiff's right to receive a further chance to be heard in this case. Accordingly, the Court finds that both the third and fourth factors support dismissal of this action.

Lastly, the Court has carefully considered whether a sanction less drastic than dismissal is available and concludes that there is no meaningful way to procure Plaintiff's "reappearance" in and active prosecution of this action. Moreover, simply waiting for Plaintiff to comply with his obligations is not likely to be fruitful since he has failed to do so for more than two months. As a result, the Court finds that the fifth factor also weighs in favor of dismissal.

Accordingly, for the above-stated reasons, the Court hereby

**ORDERS** that this action is **DISMISSED without prejudice** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Date:   February 16, 2010
        Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Court Judge